**UNITED STATES of America, Plaintiff–Appellee,**

v.

**John C. BAUMHOEFENER, Defendant–Appellant.**

**Nos. 91–2988, 91–3000.**

United States Court of Appeals, Eighth Circuit.

Submitted June 12, 1992.

Decided Aug. 13, 1992.

David Butler, Des Moines, Iowa, argued, for defendant-appellant.

Robert Teig, Asst. U.S. Atty., Cedar Rapids, Iowa, argued, for plaintiff-appellee.

Before BOWMAN, LOKEN, Circuit Judges, and LARSON,* Senior District Judge.

PER CURIAM.

John C. Baumhoefener, II, appeals the convictions and concurrent twenty-eight month sentences he received after pleading guilty to one count of delivering a Treasury check knowing it bears a forged endorsement and one count of willful tax evasion. Baumhoefener contends that the district court[1] erred in denying his motion to withdraw his plea of guilty to the forgery count and his motion to dismiss the tax evasion indictment. We affirm.

On December 20, 1990, Baumhoefener pleaded guilty to one count of a fourteen-count indictment that charged him with converting the proceeds of a Small Business Administration disaster loan to his family nursery business to his personal use. He accomplished the conversion by forging the endorsements of co-payees and

cashing seven SBA checks. The plea was entered pursuant to a written plea agreement, signed by Baumhoefener, which provided that the remaining counts would be dismissed after sentencing; that both sides "will be permitted to make whatever comment or evidentiary offer they deem appropriate at ... sentencing"; that the government would examine information Baumhoefener had offered in connection with the related but separate indictment for tax evasion; that the government would dismiss that indictment if the information "negate[s] our tax case"; and that Baumhoefener would plead guilty to one tax count if it did not. The agreement also provided that it was "the entire agreement between the parties."

On May 22, 1991, the day before his sentencing hearing, Baumhoefener's counsel filed motions to withdraw the guilty plea and for a psychiatric examination. Following a court-ordered psychiatric examination that showed only alcohol dependence and a maladaptive personality, the district court denied the motion to withdraw the plea and set Baumhoefener's sentencing on the forgery count for August 26, with trial of the tax case to follow.

Baumhoefener then filed a Motion To Reconsider Plea Withdrawal alleging, as he does on appeal, that the plea agreement included additional terms reflected in a "memorandum of understanding" prepared by Baumhoefener, and that the Presentence Investigation Report revealed that the government had breached those additional terms. On August 22, the district court entered its Order finding that no such additional agreement existed, that the government had not breached the written plea agreement, and that Baumhoefener had failed to come forward with any fair and just reason for the withdrawal of his guilty plea.

Also on August 22, Baumhoefener filed a Motion To Dismiss the tax indictment, attaching affidavits purporting to show sub-

---

* The HONORABLE EARL R. LARSON, Senior United States District Judge for the District of Minnesota, sitting by designation.

1. The HONORABLE EDWARD J. McMANUS, Senior United States District Judge for the Northern District of Iowa.

stantial tax losses for the years in question that negated criminal liability. However, on August 26, when Baumhoefener appeared for sentencing on the forgery count and for trial of the tax case, he pleaded guilty to one count of the tax indictment as well. The district court then imposed concurrent 28–month sentences on each count.

On appeal, Baumhoefener contends that, since his motion to withdraw the first guilty plea alleged misconduct by the government that affected the accuracy of his PSR, the district court erred in failing to make specific findings as to "each matter controverted" and to attach those findings to the PSR. *See* Fed.R.Crim.P. 32(c)(3)(D). There are two fatal flaws to this argument. First, Baumhoefener's motion to withdraw his guilty plea is governed by Rule 32(d), not Rule 32(c). The district court's finding that the government did not breach the written plea agreement is well-supported, and our own review of the record leads us to affirm its conclusion that Baumhoefener presented no "fair and just reason" to withdraw his plea. Second, the district court's August 22, 1991, Order did contain sufficient findings as to the matters in the PSR that were controverted by Baumhoefener, and the court reiterated those findings in its judgment. The physical attaching of that order to the PSR pursuant to Rule 32(c)(3)(D) is a ministerial task that we deem to have been done for purposes of this appeal.

We have carefully considered the arguments raised by Baumhoefener on appeal, including those raised in his supplemental pro se brief (except for his suggestion that he received ineffective assistance of counsel, an issue not properly before us), and conclude that they are without merit. The district court properly denied Baumhoefener's motion to withdraw his guilty plea, and his motion to dismiss the tax indictment was rendered moot when he pleaded guilty to one count of that indictment. Accordingly, the judgment of the district court is affirmed.